UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HELENA CHEMICAL CO. | CIVIL ACTION NO. 14-0192 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LAVELLE WILLIAMSON | MAG. JUDGE KAREN L. HAYES |

**RULING**

This action was brought by Plaintiff Helena Chemical Co. ("Helena") against Defendant Lavelle Williamson ("Williamson") to recover amounts due for goods and services provided to Williamson under a Credit Sales and Services Agreement. Williamson filed a counterclaim asserting that Helena was negligent in selling him wet corn seed, which resulted in his decreased production, loss of higher contract price, and increased farming expenses.

Pending before the Court is Helena's Motion for Partial Summary Judgment for Amounts Due [Doc. No. 11]. Williamson filed a memorandum in opposition [Doc. No. 14]. Helena filed a reply memorandum [Doc. Nos. 21]. Finally, Williamson filed a sur-reply memorandum [Doc. No. 25].

For the following reasons, Helena's motion is GRANTED IN PART and DENIED IN PART.

**I.   FACTS AND BACKGROUND**

For the 2013 crop year, Williamson purchased goods and services from Helena under a Credit Sales and Services Agreement ("the Agreement"). Williamson purchased corn seed, as well as soybeans and related goods.

Willimson asserts that Helena negligently provided him with wet corn seed that failed to

germinate. In a separate Ruling, the Court determined that Williamson may seek consequential damages at trial based on his negligence claim against Helena.

However, Williamson admits that he received the soybeans and other goods necessary for soybean production. He makes no claims against Helena related to the soybeans and related goods.

Williamson made one payment to Helena, but has not made any further payments on his account.

Helena now moves the Court for partial summary judgment, contending there is no genuine issue of material fact that Williamson is liable to it for the amounts due for the soybeans and related goods, including the finance charges provided under the Agreement, and for attorney's fees and costs. Relying on the affidavit of its Credit Manager, Gary Yochum ("Yochum"), Helena lists the following amounts due for soybean production:

| **Invoice** | **Product** | **Amount** |
|---|---|---|
| 197391959 | Soybean Pioneer 95Y01 | $5,242.50 |
| 197391959 | Soybean Pioneer 95Y01 | $ 582.50 |
| 197392146 | Roundup PowerMax | $ 107.50 |
| 197392200 | Flexstar GT 3.5 | $1,360.00 |
| 197392200 | Induce | $ 66.63 |
| 197392235 | Credit Memo on Flexstar GT 3.5 | -$1,360.00 |
| 197392260 | Sequence | $1,155.00 |
|  | TOTAL DUE | $7,154.13 |

Helena further contends that it is entitled to costs, attorney's fees, and finance charges under the Agreement.

Williamson opposes Helena's motion in part. Williamson concedes that the Court may grant summary judgment on Helena's claims for the soybean products, including the amounts due for the products, for finance charges, and costs. However, Williamson contends that he has a valid claim for recoupment under Tennessee law, based on his counterclaim, which should not be cast in judgment until all claims are liquidated. He further contests Helena's right to recover attorney's fees, as they are not provided for under the Agreement.

The Court is now prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must

accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

      **B.**     **Amounts Due Under the Agreement**

Williamson does not dispute that he owes the amounts due to Helena for soybeans and related products, finance charges, and costs under the Agreement. However, because Williamson has a claim for recoupment based on his counterclaim, he argues that he should not be cast in judgment until all claims are litigated. The Court agrees.

Tennessee law recognizes the common law "right of a defendant to reduce the claim sued on by a counterclaim that sprung immediately from the complainant's claim." *Mack v. Hugger Bros. Constr. Co.*, 153 Tenn. 260, 282 S.W. 448, 449 (1926) (citing *Gibson v. Carlin*, 13 Lea, 447; 34 Cyc. 623-643; 24 R. C. L. par. 11, p. 802). Recoupment is "a right to claim damages in reduction of the plaintiff's demand for failure to comply with some cross-obligation, or for the violation of some duty imposed by law in the making and performance of the contract." *Id.* (citations omitted). The remedy is to be invoked by the defendant with the intent to "avoid circuity of action, needless delay, and unnecessary litigation . . . ." *Id.* Thus, the use of the remedy permits a defendant to "recoup damages suffered . . . from any fraud, breach of warranty, or negligence of the complainant growing out of and relating to the transaction on which the complainant's suit is founded." *Id.*

Here, Williamson's counterclaim that Helena negligently provided wet corn seed certainly

4

arises out of the transaction upon which Helena's lawsuit is founded. The Court may properly consider his counterclaim in the same lawsuit as Helena's claim for amounts due under the Agreement. Even though "recoupments envision resolution in the same suit, this does not mean that claims which may be offset [or recouped] must be resolved at trial, as opposed to summarily adjudicated on an undisputed record. Rather, a 'Court may grant summary judgment in favor of a moving party, even if there is a possibility of set-off brought about by claims remaining as an issue for litigation.'" *See Tenn. Educ. Lottery Corp. v. Smartplay Intern., Inc.*, 2010 WL 4659216, at *9 (M.D. Tenn. 2010) (citing *Marathon Ashland Petro., LLC v. Selker Bros., Inc.*, 2007 WL 1169322 at *3 (N.D. Ohio 2007); *Tycoons Worldwide Group v. JBL Supply, Inc.,* 2010 WL 2465476 at *7 (S.D.N.Y.2010)).

The Court has considered the record, finds that Williamson admits the amounts due for the soybeans and related goods and that Helena is entitled to costs and finance charges on those amounts. Thus, to this extent, Helena's Motion for Partial Summary Judgment is GRANTED.

However, the Court agrees with Williamson that final judgment should not be entered in Helena's favor until after trial. *See Tenn. Educ. Lottery,* 2010 WL 4659216, at *10 (citing *Marathon,* 2007 WL 1169322, at *3 ("Court may grant summary judgment on Plaintiff's claim while reserving ruling on damages until after the resolution of Defendant's counter-claim"); *TVI, Inc. v. Infosoft Technologies, Inc.*, 2007 WL 3565208 at *6 (E.D. Mo. 2007) (noting that "[f]ederal courts routinely hold that the existence of a set-off counterclaim does not prevent entry of summary judgment on a breach of contract claim" and holding that while summary judgment would be granted on breach of contract claim, amount of damages would be determined at trial because there could be a set-off)). Thus, to this extent, Helena's Motion for Partial Summary Judgment is DENIED.

### C. Attorney's Fees

Helena also moves the Court for summary judgment on its claims for attorney's fees on the amounts due for the soybeans and related goods under the Agreement and based on the invoices and delivery tickets provided to Williamson. Williamson opposes Helena's claim, arguing that the Agreement does not provide for attorney's fees and its reliance on invoice and tickets would raise the same unconscionability issues addressed in the Motion for Summary Judgment on Consequential Damages.

The terms of the parties' relationship is governed by the Agreement. Section 5 of the Agreement provides:

> In the event the purchaser fails to make payments as required under Paragraphs 2 and 3 of this Agreement, the account may be considered by Helena, at its option, to be in default, and Helena may elect to declare any amounts outstanding immediately due and payable, and the purchaser shall be responsible for payment of all costs of collection incurred by Helena, including expenses and reasonable **attorney's** in such event, or in the event of other legal action or other resolution proceeding.

[Doc. No. 11, Exh. 001]. Under Section 14, the Agreement "constitutes the entire agreement with respect to the subject matter hereof . . ." [Doc. No. 11, Exh. 001, § 14]. Finally, [T]HE FOREGOING CONDITIONS OF SALE AND LIMITATIONS OF WARRANTY, LIABILITY, AND REMEDIES MAY BE WAIVED ONLY BY AGREEMENT IN WRITING SIGNED BY A DULY AUTHORIZED REPRESENTATIVE OF HELENA." *Id.*

Helena also issued separate delivery tickets and invoices to Williamson for his 2013 purchases of soybeans and related goods. These tickets indicate that "[b]y acceptance of the products or services reflected on this invoice, the purchaser agrees to be bound by all of the terms and conditions of sale set forth in this invoice, including those on the reverse side of this invoice." [Doc.

No. 21, Exh. 325-26]. On the reverse side, the ticket has a section titled "COSTS OF COLLECTION," which provides as follows:

> In the event the purchaser fails to make payment for the goods and services, the account may be considered by Helena, at its option in default and Helena may elect to declare any amounts outstanding due and payable, and the purchaser shall be responsible for payment of all costs of collection incurred by Helena, including expenses and reasonable attorney's fees in such event, or in the event of other legal action or other resolution proceeding.

[Doc. No. 21, Exh. 324].

"The interpretation of a contract is a matter of law." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Consequently, "[q]uestions of contract interpretation . . . are especially well-suited for resolution by summary judgment." *Ross Prods. Div. Abbott Labs. v. Tennessee*, No. M2006-01113-COA-R3-CV, 2007 Tenn. App. LEXIS 752, at *7 (Tenn. Ct. App. Dec. 5, 2007). "If the language [of a contract] is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). "If, however, contractual provisions prove to be ambiguous (where more than one reasonable interpretation of the provision exists), the courts will employ other rules of contract construction to determine the parties' intent." *West v. Shelby Cty. Healthcare Corp.*, --- S.W.3d ----, 2014 WL 7242746, at *6 (Tenn. 2014) (citing *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013)). "One of these principles is that ambiguous contract provisions will be construed against the drafter of the contract." *Id.* (citations omitted).

First, the Court finds that the Agreement is ambiguous as to whether it specifically provides for attorney's fees. By leaving off the word "fees," Helena, the drafter of the Agreement created an ambiguity. It is clear that Williamson would have to pay costs and expenses under the Agreement,

7

but without the necessary word "fees" following the word "attorney's," it is unclear what else he might pay. Thus, construing the Agreement against the drafter, Helena, it is not clear that Williamson could be liable for attorney's fees merely its use of the word "attorney's" under section 5 of the Agreement.

Additionally, under Tennessee law, the terms "costs of collection" or "expenses" cannot be interpreted to permit Helena to recover attorney's fees. In *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 30 (Tenn. 2009), the Tennessee Supreme Court explained that "Tennessee, like most jurisdictions, . . . adheres to the 'American rule' for award of attorney fees," which permits the recovery of attorney's fees only if there is a contractual or statutory right or if there is some other recognized exception to the rule. *Id.* at 308 (citing *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985)). "In the context of contract interpretation, Tennessee allows an exception to the American rule only when a contract specifically or expressly provides for the recovery of attorney fees." *Id.* at 309. The use of the terms "costs," "collection of costs," "expenses," or even "fees" is insufficient to allow an exception to the rule. *See, e.g., id.* at 311 ("[I]f the parties intend to create contractually a right to recover attorney fees, the contractual language must specifically and expressly articulate this intent and not merely provide for recovery of 'costs and expenses.'"); *Raine Bros. v. Chitwood*, No. E2013-02232-COA-R3-CV, 2014 WL 3029274 (Tenn. Ct. App. July 3, 2014) (holding that the plaintiff was not entitled to recover attorney's fees when the agreement provided for the recovery of "reasonable costs, expenses, and fees incurred" in the collection of past due amounts). Thus, Helena has no basis to recover attorney's fees under section 5 of the Agreement.

Williamson could still be liable for attorney's fees, however, if the delivery tickets and

8

invoices modified the Agreement, but they did not. First, under Tennessee law, a contract cannot be modified unilaterally; there must be "mutuality of assent and meeting of minds as required to make a contract." *Teter v. Republic Parking Sys.*, 181 S.W.3d 330, 338 (Tenn. 2005). Moreover, the Court is bound the apply the plain language of the Agreement, which provides in section 14 that it could only be modified if the modification was in writing and signed by a duly authorized representative of Helena. The delivery tickets and invoices were signed by Williamson, but were not signed by Helena's representative and, thus, did not modify the Agreement.

Under these circumstances, Helena's Motion for Partial Summary Judgment on its claim for attorney's fees as part of the amounts due for the soybeans and related goods is DENIED.

### III. CONCLUSION

For the foregoing reasons, Helena's Motion for Partial Summary Judgment on Amounts Due [Doc. No. 11] is GRANTED IN PART and DENIED IN PART. Helena's motion is GRANTED to the extent that it seeks a determination as a matter of law that it is entitled to recover the amounts due from Williamson for the soybeans and related products, expenses, and finance charges. The motion is DENIED to the extent that it seeks a final judgment on this claim and to the extent that it seeks to recover attorney's fees.

MONROE, LOUISIANA, this 25th day of March, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE